Ohio Pub. Serv. Co. v. State_____18784
P., C. C. & St. L. Ry. v. Kilpatrick_____18785
Third Presb. Cong., In re_____18783

### Sept. 24.

18783—In the matter of the petition of the Trustees of the Third Presbyterian Congregation of Chillicothe; motion to direct Ross Appeals to certify record. Lyle S. Evans, Chillicothe, for Richard Enderlin and Third Presbyterian Congregation; Wilson & Morrow, Hillsboro, and J. D. Withgott, Chillicothe, for Chillicothe Presbyterian Church.

### Sept. 26

18784—Ohio Public Service Co. v. State of Ohio ex rel Joseph O. Fritz, Prosecuting Attorney; error to the Wayne Appeals. Franklin L. Maier, Massillon, and C. H. Henkel, Mansfield, for plaintiff; Jos. O. Fritz, Pros. Atty., Wooster, for defendant.

### Sept. 27

18785—Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co. v. Charles E. Kilpatrick, Administrator of the Estate of Margaret Kilpatrick, decd.; motion to direct Montgomery Appeals to certify record. Mathews & Mathews, Dayton, for plaintiff; F. S. Monnett, Columbus, J. L. Holderman and Mattern, Brumbaugh & Mattern, Dayton, for defendant.

# Weekly Abstract Of Pending Cases

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.

### No. 609
OAKLEY LUMBER CO. v. J. L. SLONE and LENA DECKER
No. 18761. Supreme Court

Pending on motion to order Hamilton Appeals to certify record. Docketed Aug. 16, 1924. 2 Abs. 516.

755. MECHANICS' LIEN—Materials furnished to another to finish a job, after abandonment of job by original contractor.

Lena Decker entered into a contract with Joseph L. Slone to erect for her a dwelling on her lot in Cincinnati, for $ $7,200. Slone gave the contract for the lumber and mill work to the Oakley Lumber Co. for $1653. Mrs. Deck-

er, as the work progressed, paid to Slone all but $2400. In May, 1923, when the building was well nigh completed, Slone abandoned the job, but the fact was not made known to the Lumber Co. Mrs. Decker then employed one Wintersohle, to complete the house. The Lumber Co. carried the Slone contract on their books. The last delivery under this contract was delivered to Wintersohle, July 3, 1923. He took the mateiral with him to the Decker house, and it was charged to the Slone contract, and with it was carried a delivery ticket stating it was for the Slone job.

July 17, 1923, the Lumber Co. filed with the recorder of Hamilton county an affidavit for a mechanics' lien as required by 8314 GC. for $1116. In September, 1923, it began an action against Decker and Slone, and other lien holders in the Hamilton Common Pleas to foreclose its lien. Mrs. Decker answered denying that any materials were furnished by the Lumber Co. in the erection of the dwelling house on order of Slone, within 60 days prior to July 17, 1923, and avering that Slone abandoned the erection of the house, on or about May 1, 1923, and she was obliged to employ other contractors to complete the same, and because of such fact, the mechanics' lien is without force and effect. The Common Pleas found the amount due the Lumber Co. from Slone was $945.96 with interest, but found the mechanics' lien to be without force and effect, and ordered the clerk of court to cancel the same upon the records. No statement under oath as required by 8312 GC. by the original contractor to the owners when desiring to draw money on the job, was made.

An appeal from this judgment was taken to the Hamilton Appeals, which entered a judgment finding that the lien was invalid and remanded the case to the Common Pleas for execution.

Attorneys—Kelley & Remke, for Lumber Co.; Phineas Phillips, for Slone and Decker; all of Cincinnati.